# SEE CONCUR & DISSENT

Filed 8/28/20  P. v. Alaniz CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID GARCIA ALANIZ,<br><br>    Defendant and Appellant. | H046586<br>(Monterey County<br> Super. Ct. No. 17CR006054) |

Defendant David Garcia Alaniz's appointed appellate counsel filed a brief raising no issues and asked us to review the record under *People v. Wende* (1979) 25 Cal.3d 436. We requested briefing on "whether the clerk erred in compiling the minutes of the sentencing hearing and the abstract of judgment by including imposition of a restitution fine of $600 (Pen. Code, § 1202.4, subd. (b)), a court operations assessment of $80 (Pen. Code, § 1465.8, subd. (a)(1)), and a court facilities assessment of $60 (Gov. Code, § 70373) that were not part of the oral pronouncement of sentence?"

Defendant thereafter argued that the oral pronouncement of sentence prevailed and therefore we should order that the restitution fines and the two assessments be stricken from the minute order and abstract to correspond to the court's oral pronouncement. The Attorney General agrees that the restitution fines should be stricken, but he argues that a remand is required as to the two assessments because "a sentence without assessments is unauthorized and remand for imposition of the assessments is required." We order the superior court clerk to delete the restitution fines, but, because the two

assessments are mandatory, we decline to order their deletion.  We reverse and remand the matter for correction of the minute order and the abstract.

## I.     FACTS

Norma Fernandez is defendant's sister.  Defendant and his brother lived with Fernandez's mother.  On the afternoon of November 29, 2017, Fernandez went to her mother's house to bring her mother some vitamins.  Defendant was in the front yard of the house when Fernandez parked on the street.  As Fernandez approached the house, defendant "told me to get the F out of there."  She told him why she was there, and he repeated his hostile command.  Fernandez replied "that it was not his house and I went in."  Defendant followed her into the house.  Fernandez was afraid because defendant was very close to her, "threatening and posturing."  After a few minutes, she used her phone to call 911, and defendant tried to take her phone away.  While she was on the phone, she felt "pressure in my face," and then she woke up on the floor.  Her face was swollen, and she was alone in the house.

A transcript of Fernandez's 911 calls was admitted into evidence at trial.  During the 911 calls, she told the dispatcher "I'm being attacked by my brother," screamed repeatedly, and then told the dispatcher "He just punched me."  She identified defendant as her brother and told the dispatcher "My brother just punched me in the face" and "He's very dangerous."

Fernandez got a ride to the hospital from a woman driving by.  She could not open her right eye, and she continued to have numbness and soreness many months later.  The bruising and swelling around her eye did not go away for three months.

## II.     PROCEDURAL BACKGROUND

Defendant was charged by information with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and battery with serious

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

bodily injury (§ 243, subd. (d)), and it was also alleged that he had personally inflicted great bodily injury (GBI) (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a)) in the commission of the assault. At trial, Fernandez was the sole prosecution witness, and defendant was the sole defense witness.

Defendant testified at trial that Fernandez "was acting, like, very loopy," asking him odd questions, and claiming that he had broken into her house when she arrived at their mother's house that day. He "tried to give her a hug or something or not even that." She "barged in almost pushing me out of the way and then goes to the front door and attempted to slam it on my face," and she started saying "I broke into her house." Defendant testified that he told her " 'This is not your house.' " She tried to close the door behind her, but he "put my foot down," and she ran into the kitchen and "started acting hysterical." Defendant saw her "stumble a little bit," and he "just hightailed it." He testified that he did not see or hear her call the police. Defendant asserted that he walked around the block, and when he returned no one was in the house.

On cross-examination, defendant claimed that Fernandez "gave it [the eye injury] to herself, . . . self-inflicted on the chair as she got stressed out from prior issues from getting there . . . ." "[S]he was trying to do home invasion and then turn around and be the victim." "[S]he was over there trying to cause a disturbance." Defendant described Fernandez as "the crazy woman," and he said that she usually acted that way. He admitted that he had been convicted of misdemeanor criminal threats in May 2017, "[b]ut I'm working on an appeal."

The jury deliberated for just over two hours before returning guilty verdicts on both counts and finding the GBI enhancement allegation true. After the jury's verdicts, defendant substituted a retained attorney for his appointed attorney.

At the sentencing hearing, the court imposed a five-year prison term consisting of the two-year lower term for the assault count and a consecutive three-year term for the GBI enhancement. A concurrent two-year lower term for the battery count was stayed

3

under section 654.  The court did not impose or mention any fines, fees, or assessments for this case.  It did impose $150 restitution fines in three of defendant's other cases, which were also being sentenced at the same hearing.  Despite the court's failure to mention any fines or assessments for this case, the abstract of judgment and the court's unsigned minute order stated that the court had imposed a $600 restitution fund fine, a $600 parole revocation restitution fine, an $80 court operations assessment, and a $60 court facilities conviction assessment for this case.

Defendant's retained attorney filed a post-judgment request that the court recall his sentence under section 1170, subdivision (d) and declare a doubt about his mental competence under section 1368.  This attorney stated that he had not questioned defendant's competence before judgment but had since come to believe that defendant was incompetent.  The court found that section 1170, subdivision (d) did not provide any authority for it to recall defendant's sentence for this purpose and that section 1368 did not apply after judgment.  The court also observed that it had seen no basis to declare a doubt about defendant's competency.  Defendant timely filed a notice of appeal from the judgment.

## III.   DISCUSSION

Defendant contends that the superior court clerk erred in adding the two restitution fines and the two assessments to the minute order and the abstract because the fines and assessments were not part of the court's oral pronouncement of sentence.

"An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Entering the judgment in the minutes being a clerical function (Pen. Code, § 1207), a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error."  (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) "The clerk cannot supplement the judgment the court actually pronounced by adding a

4

provision to the minute order and the abstract of judgment." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.)

The trial court's oral pronouncement of judgment did not include the restitution fines or the two assessments that the clerk added to the minutes and the abstract. Thus, the clerk erred in adding those fines and assessments. The remaining question is how we should address this error.

Restitution fines must be imposed in every case "unless [the court] finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) Where a trial court does not state any reasons for failing to impose restitution fines, the prosecution's failure to object forfeits a claim by the Attorney General that the trial court erred in that respect. (*People v. Tillman* (2000) 22 Cal.4th 300, 303.) As the Attorney General concedes, this means that the restitution fines that the clerk added to the minute order and the abstract must be deleted.

The assessments pose a different problem. They are mandatory, and the statute does not grant the trial court any authority to omit them under any circumstances. "[A]n assessment of forty dollars ($40) *shall be imposed on every conviction* for a criminal offense . . . ." (§ 1465.8, subd. (a), italics added.) "[A]n assessment *shall be imposed on every conviction* for a criminal offense . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony . . . ." (Gov. Code, § 70373, subd. (a)(1), italics added.) Consequently, the trial court's error in failing to impose these assessments as part of the judgment must be corrected despite the prosecution's failure to object. (Cf. *People v. Smith* (2001) 24 Cal.4th 849, 853.)

Defendant contends that these assessments should not be imposed because he lacks the ability to pay them or that we should at least remand for a hearing on his ability to pay these assessments. We reject his contention that mandatory assessments may not be imposed without a finding of ability to pay. (*People v. Petri* (2020) 45 Cal.App.5th 82, 85; *People v. Santos* (2019) 38 Cal.App.5th 923, 935-939 (dis. opn. of Elia, J.).)

While this issue is currently pending in the California Supreme Court (*People v. Kopp* (2019) 38 Cal.App.5th 47, 98, review granted Nov. 13, 2019, S257844), we continue to adhere to our position pending a decision in *Kopp*.

We have reviewed the entire record and have concluded that there are no other arguable issues on appeal.  Defendant was notified of his right to submit written argument on his own behalf, but he has failed to avail himself of the opportunity.  Accordingly, we will direct the superior court clerk to delete the restitution fines from the minute order and the abstract.

## IV.     DISPOSITION

The judgment is reversed.  On remand, the superior court clerk is directed to correct the minute order by deleting the restitution fund fine and the parole revocation restitution fine and to prepare an amended abstract of judgment that does not include those two fines.  The clerk shall send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____

ELIA, J.

I CONCUR:


_____

BAMATTRE-MANOUKIAN, J.

*People v. Alaniz*
H046586

PREMO, Acting P.J., Concurring and Dissenting.

I concur with my colleagues' resolution of Alaniz's claims with the exception of their rejection of *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  I respectfully dissent from their conclusion that *Dueñas* was wrongly decided. Accordingly, on remand, I would further direct the trial court to conduct a hearing on Alaniz's ability to pay the court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) and court facilities assessment (Gov. Code, § 70373).  (*People v. Santos* (2019) 38 Cal.App.5th 923, 933-934.)

_____
Premo, Acting P.J.

People v. Alaniz
H046586